* Curia, per
Evans, J.
Pie who takes a note after it is due, takes it subject to any defence which the maker can set up against the payee ; and according to my understanding of the law, where the action is in the name of an endorser, or bearer, to entitle the defendant to set up by way of discount, any matter between him and the payee, he must prove that the note was transferred after due, and that the matter of defence existed between them at the time of the transfer. The defendant has not brought himself within these principles. According to the report, there was evidence that the note was transferred to Cain after it was due, but there was none that Spann was the owner of the note offered in discount, at the time his note was transferred to the plaintiff’s testator. Without such proof, we think the presiding judge was right in charging “that the fact of the note sued on being transferred after due, had no other effect than to enable the defendant to avail himself of the want of failure of consideration, or of some equitable defence arising out of the transaction on account of which the note was given.” The grounds of appeal imply that the presiding judge charged the jury, that the discount could not be allowed, even if Spann was the owner of it at the time his note was transferred to Cain. It is likely, from the report, that he does entertain that opinion, but it was not involved in the facts of the case, and even if wrong, furnishes no ground for a new trial. It could have *171 been no more than an incidental expression of an opinion on a question not involved in the case. ■
I have assumed, in stating the law as applicable to this case, (a) that it devolved upon the defendant to prove the facts which entitle him to his defence — the transfer of the note sued on, after it was due, and that at the time of the transfer, he was the owner of Ramsay’s note to L. M. Spann. I ha.ve always so held on the circuit, and supposed it well settled and understood by the profession, but as doubt has been expressed on the subject, I will endeavor to illustrate it. In the ordinary mode of declaring on a note, nothing appears on the record that the note was not transferred otherwise than in the regular course of trade, before it was due. The plaintiff is bound to prove no more than the making and transfer of the note. It was never heard of, that he was bound to prove when he became the owner of the note. Upon the proof of the making *and transfer of the note, the plaintiff is prima facie entitled to recover. His action can only be defeated, by showing some de-fencc on the part of the defendant. By the rules of evidence, he who affirms a proposition, is bound to prove it. Spann, by his discount, affirms that Ramsay owes him, and that he is entitled to set off Ramsay’s debt against the plaintiff’s demand. To do this, he must make out by proof everything necessary to his defence. A discount is a cross action,(b) in which the defendant is the actor, and by him everything must be proved necessary to maintain his cross action. It was not enough to show that Ramsay was indebted to him at the time of the trial, by the production of the note, but he must prove there w'ere mutual debts subsisting between them at the same time; that is, that Ramsay was indebted to him the note offered in discount, at the same time that he owed Ramsay the note which was transferred to Cain. If Spann got the note of Ramsay, after his own note had been transferred, then the debts were not mutual, and cannot be set off’, one against the other.
The defendant having failed to make this proof, his discount cannot be allowed, and the motion is dismissed.
O’Neall, and Butler, JJ., concurred.

а) See 11 Rich., 381, Jewry vs. Strauss. An.

 Sup. 29. An.